07-5454-ag
Zeng v. Holder

BIA
A029 793 777

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of November, two thousand nine.

PRESENT:
 DENNIS JACOBS,
  *Chief Judge*,
 JON. O. NEWMAN,
 PIERRE N. LEVAL,
  *Circuit Judges*.

_____

SHI MING ZENG,
  *Petitioner*,

 v.                                    07-5454-ag
                                       NAC
ERIC H. HOLDER, JR.,* UNITED STATES
ATTORNEY GENERAL,
  *Respondent*.

_____

---

 * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:** Yuming Wang, Wynnewood, Pennsylvania.

**FOR RESPONDENT:** Gregory G. Katsas, Assistant Attorney General; M. Jocelyn Lopez Wright, Assistant Director; Yamileth G. Handuber, Trial Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Shi Ming Zeng, a native and citizen of the People's Republic of China, seeks review of a November 8, 2007 order of the BIA denying his motion to reopen. *In re Shi Ming Zeng,* No. A029 793 777 (B.I.A. Nov. 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not err in denying Zeng's untimely motion

to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Zeng argues that the BIA erred in concluding that he failed to produce evidence demonstrating either material changed country conditions sufficient to excuse the untimely filing of his motion to reopen or his *prima facie* eligibility for relief from deportation. However, these arguments fail because we have previously reviewed the BIA's consideration of evidence similar to that which Zeng submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao*, 546 F.3d at 169-72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Moreover, contrary to Zeng's argument, the BIA reasonably found that his particularized evidence was not material because it did not reference the forced sterilizations of

3

similarly situated individuals. *See Jian Hui Shao*, 546 F.3d at 160-61. Even if, as Petitioner contends, the BIA was mistaken in thinking that he had failed to submit the original of the document from the Tinjiang Town Government, any such error is harmless because the BIA reasonably stated, "Even if we consider arguendo this document, he has not demonstrated that the policy expressed within constituted evidence of changed country conditions in the absence of any evidence that the prior version of the law was different, or differently enforced, in some relevant and material way." (BIA opinion at 3)

We lack jurisdiction to consider any argument that the BIA abused its discretion in declining to reopen Zeng's proceedings *sua sponte*. *See Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

                                    By:_____

4